UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AI CONSULTING LLC, et al.,          :
                                    :
     Plaintiffs,                    :
                                    :
     v.                             :      CASE NO. 3:04CV1841 (RNC)
                                    :
CELLCO PARTNERHSIP d/b/a            :
VERIZON WIRELESS, et al.,           :
                                    :
     Defendants.                    :

RULING ON DEFENDANTS' MOTION FOR SANCTIONS

Pending before the court is the motion of defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Trademark Services for sanctions pursuant to Fed. R. Civ. P. 11 (doc. #44).[1] For the following reasons, the motion is denied without prejudice to refiling.

The record does not reflect whether the defendants have fully complied with the procedural requirements of Rule 11. The 1993 Amendments to Rule 11 established a "safe harbor" of twenty-one days after receiving a copy of the motion, which allows the nonmovant the opportunity to withdraw or appropriately correct the contested filing in order to avoid sanctions. Hadges v. Yonkers

---

[1] On April 18, 2005, Chief Judge Robert N. Chatigny referred the motion to the undersigned for a ruling (doc. #51). Because this case has already been dismissed, a decision on whether to issue Rule 11 sanctions is not dispositive. See, e.g., Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 304 (S.D.N.Y. 1997) (magistrate judge's ruling on Rule 11 motion for sanctions was not dispositive of any claim or defense and was reviewed under the "clearly erroneous standard").

Racing Corp., 48 F.3d 1320, 1327-28 (2d Cir. 1995) (rejecting motion for Rule 11 sanctions because the record did not indicate that nonmovant was served twenty-one days prior to the sanctions motion); Fed. R. Civ. P. 11(c)(1)(A).  Rule 11 requires a motion for sanctions to "describe the specific conduct alleged to violate" the rule.  Fed. R. Civ. P. 11(c)(1)(A).  "Since this requirement serves a valuable notice function, a failure to do so may result in the district court rejecting the motion."  Wright & Miller, Federal Practice and Procedure: Civil 3d §1337.1 at 709-10 (citing Weiss v. Weiss, 984 F. Supp. 682 (S.D.N.Y. 1997)) (other citations omitted).

     The record is not clear on whether the defendants served the motion for sanctions and the accompanying memorandum of law on the plaintiff more than twenty-one days before they filed the motion with the court.  The notice requirement of Rule 11 mandates that the party targeted with a Rule 11 motion be informed of the specific conduct for which the sanctions are being sought so that party can prepare a defense. Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir. 2003) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999)).  In this case, only the memorandum of law contains such notice.[2]  Although the Motion for Sanctions filed with the court (doc. #44) contains a

---

[2] The motion for sanctions (doc. #44) does not set forth any of the grounds upon which the defendants have moved for sanctions. Instead, it refers the court to the accompanying memorandum of law which contains the relevant analysis.

certification page indicating that the motion was served on the plaintiff on February 17, 2005 (id. at 3),[3] the memorandum of law contains no such certification. (Doc. #45.) There is no affidavit from counsel or any other evidence in the record indicating that the defendants complied with the rule. Based on the current record, the court cannot determine whether the proper notice was ever served on the plaintiff.

In the memorandum of law, defendants also fail to describe completely "the specific conduct alleged to violate" subsection (b) of Rule 11. Fed. R. Civ. P. 11(c)(1)(A). Although the defendants cite the general standard under Rule 11 in their memorandum of law, they incorporate and almost exclusively refer to their previously filed motion to dismiss and reiterate their contention that the complaint fails to state a claim upon which relief can be granted.[4] (Doc. #45.) The motion to dismiss, however, does not satisfy this procedural requirement of Rule 11 because it fails to address any specific Rule 11 standards. See, e.g., Weiss v. Weiss, 984 F. Supp. 682, (S.D.N.Y. 1997) (denying Rule 11 motion for sanctions because it failed to describe the specific conduct alleged to

---

[3]February 17, 2005 is twenty-six days before the motion for sanctions was filed on March 15, 2005.

[4]For example, the Statement of Facts section in the Motion for Sanctions incorporates by reference the statement of facts section in their Memorandum of Law in Support of Motion to Dismiss. (Doc. #45 at 1.) No other facts are offered to support the motion for sanctions.

violate the rule; finding that "defendant's previously-filed papers in opposition to the order to show cause are . . . unspecific in that they fail to address the Rule 11 standards").

Defendants may refile their motion for sanctions.  If the defendants choose to refile the motion, they shall do so by April 21, 2006.  They shall provide the court with evidence indicating that they initially complied with the safe harbor provisions of Rule 11 (i.e., that both the motion and memorandum of law were served on the plaintiff more than twenty-one days before the motion was filed with the court on March 15, 2005).  In addition, defendants shall provide the court with a legal analysis that specifically addresses the standards under Rule 11, including: (1) the specific provision(s) of Rule 11(b) that they believe has been violated;  (2) the specific conduct alleged to violate each of those provisions; (3) the legal authority supporting the imposition of sanctions under Rule 11 in these circumstances; and (4) the particular sanction(s) sought, whether monetary or otherwise, and the legal authority supporting an award of such sanctions.  Reliance on the factual or legal analysis from a previously filed motion to dismiss is not sufficient.

SO ORDERED at Hartford, Connecticut this 31st day of March, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge